CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
APR 19 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ANDREW KELLY,<br><br>        *Plaintiff,*<br><br>v.<br><br>BRITTNEY L. WHITE,<br><br>        *Defendant.* | CIVIL ACTION NO. 3:05-CV-00012<br><br><br>OPINION AND ORDER<br><br><br>JUDGE NORMAN K. MOON |

  The Court has before it Plaintiff's Fed. R. Civ. P. 56(a) Motion for Partial Summary Judgment as to liability, filed March 21, 2006, and Defendant's response in opposition thereto and supporting affidavit.

  Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and drawing reasonable inferences in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50 (1986); *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted).

  Plaintiff Andrew Kelly ("Kelly") claims that on January 30, 2003, while walking in front of a Wendy's to reach the restaurant's side entrance, he was struck by a vehicle negligently or recklessly operated by Defendant Brittney L. White ("White") and that White's negligence was the sole cause of his resulting injuries. (Compl. ¶¶4, 8-11). Kelly avers that he was walking at

the "extreme left" of Wendy's driveway in front of the restaurant, where there is no pedestrian sidewalk, when White's vehicle "suddenly came around the corner of [Wendy's] driveway" and struck him from behind. (Kelly Aff. ¶¶7, 9). White denies negligence, (Answ. ¶¶ 8,9, 11), averring that she was driving at 5-10 miles per hour, using her windshield wipers, and following a path leading directly to the drive-thru window at the time she struck Kelly, but that Kelly's dark clothes and the stormy weather conditions at nighttime prevented her from seeing him. (White Aff. ¶¶3-8).

A driver of a motor vehicle has a duty of care to have control of his car, maintain a safe speed, and exercise a reasonable lookout for pedestrians as appropriate considering all of the surrounding circumstances. *See Saulsbury v. Williams*, 139 S.E.2d 816, 819 (Va. 1965). *See also* Va. Code §46.2-861 ("A person shall be guilty of reckless driving who exceeds a reasonable speed under the circumstances and traffic conditions existing at the time, regardless of any posted speed limit."). Whether the driver violated this duty of care is typically a jury question. *See Saulsbury*, 139 S.E.2d at 819.

As the record stands, this case clearly presents a jury question as to whether Defendant violated this duty of care, and as such summary judgment is inappropriate at this time.

It is therefore ORDERED that Plaintiff's motion is DENIED.

The Clerk of the Court is directed to send a certified copy of this Opinion and Order to all parties.

ENTERED: /s/ Norman K. Moon
U.S. District Judge

April 19, 2006
Date